UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BRAD BROUSSARD, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-211 |
| | § | |
| WILLIAM STEPHENS, *et al*, | § | |
| | § | |
| Defendants. | § | |

**ORDER ON PLAINTIFF'S MOTION**
**FOR APPOINTMENT OF COUNSEL AND**
**MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Pending are Plaintiff's Motion for Appointment of Counsel (D.E. 19) and Plaintiff's Motion for Leave to File Amended Complaint (D.E. 20). For the reasons stated below, Plaintiff's Motion for Appointment of Counsel (D.E. 19) is DENIED without prejudice and Plaintiff's Motion for Leave to File Amended Complaint (D.E. 20) is GRANTED.

**I.     Background.**

Plaintiff is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division ("TDCJ-CID") currently housed at the at the McConnell Unit in Beeville, Texas.  Plaintiff, a practicing Muslim, is prohibited from wearing a beard under current TDCJ policy. Plaintiff filed this civil action seeking a declaratory judgment finding that the TDCJ grooming policy violates his right to practice his religion under the provisions of the Religious Land Use and Institutionalized Persons Act ("RLUPIA"), 42

U.S.C. § 2000cc. In the pending motions, plaintiff requests court appointed counsel and leave to file an amended complaint.

## II.    Discussion.

With regard to Plaintiff's motion for appointment of counsel, no constitutional right to appointment of counsel exists in civil rights cases. *See Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007); *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994) (per curiam). A district court is not required to appoint counsel unless "'exceptional circumstances'" exist. *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987) (quoting *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261 (5th Cir. 1986) (per curiam)). The Fifth Circuit has enunciated several factors that the Court should consider in determining whether to appoint counsel:

> (1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence. The court should also consider whether appointed counsel would aid in the efficient and equitable disposition of the case.

*Jackson*, 811 F.2d at 262 (*citing Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)); *accord Norton v. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997).

Upon careful consideration of the factors set forth in *Jackson*, the Court finds that appointment of counsel is not warranted at this time. Regarding the first factor, plaintiff's claims do not present any complexities that are unusual in prisoner actions. The second and third factors are whether the plaintiff is in a position to adequately investigate and

present his case. Plaintiff has thus far demonstrated that he is able to communicate adequately and file pleadings with the Court. The fourth factor requires an examination of whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence. Plaintiff's action has not been scheduled for trial; consequently, at this time, the appointment of counsel for trial would be premature. Finally, there is no indication that appointing counsel would aid in the efficient and equitable disposition of the case. However, should this case proceed to trial, the Court will *sua sponte* reconsider Plaintiff's motion for appointment of counsel. Therefore, Plaintiff's Motion for Appointment of Counsel (D.E. 19) is **DENIED without prejudice.**

Regarding Plaintiff's Motion for Leave to File Amended Complaint (D.E. 20), Rule 15(a), Fed.R.Civ.P., mandates that leave to amend "be freely given when justice so requires." Determining when justice requires permission to amend rests within the discretion of the trial court. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971); *Nilsen v. City of Moss Point, Miss.,* 621 F.2d 117, 122 (5th Cir.1980). In exercising its discretion in considering a motion to amend a complaint, the district court may consider, among other factors, undue delay, dilatory motive on the part of the movant, and undue prejudice to the opposing party by virtue of allowing the amendment. *Daves v. Payless Cashways, Inc.*, 661 F.2d 1022, 1024 (5th Cir.1981).

In the motion to Amend, Plaintiff explains that he is seeking to drop or otherwise relinquish his request to wear a "fist-full" length beard and be allowed to wear a quarter inch beard. In sum, Plaintiff is seeking to wear a beard, but a shorter beard than he

originally sought. Plaintiff sites *Garner v. Gutierrez*, 713 F.3d 237, 247 (5th Cir. 2013) where the Fifth Circuit concluded that the TDCJ's grooming policy prohibiting Muslim prisoners from wearing a quarter-inch beard violates RLUIPA. Plaintiff's requested amendment to the complaint does not cause delay or otherwise burden the Defendant and is, therefore, **GRANTED.**

For the foregoing reasons, Plaintiff's motion for appointment of counsel (D.E. 19), is **DENIED without prejudice** and Plaintiff's Motion for Leave to File Amended Complaint (D.E. 20) is **GRANTED**.

ORDERED this 30th day of December, 2013.

Jason B. Libby
United States Magistrate Judge