UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| BRAD BROUSSARD, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-211 |
| | § | |
| WILLIAM STEPHENS, *et al*, | § | |
| | § | |
| Defendants. | § | |

# MEMORANDUM AND RECOMMENDATION
## ON PENDING MOTION TO DISMISS

Pending is the Motion to Dismiss filed by Defendants Joe Grimes, Gary Currie, Matt Barber, and Carol Monroe (hereinafter referred to collectively as "Movants"). (D.E. 27). Movants argue that Plaintiff has sued them in their official capacities for prospective injunctive relief, that being the right to wear a quarter-inch beard as an exercise of his Muslim faith, and they maintain that they are not necessary defendants because William Stephens, the Director of the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID), is the only party necessary to order the relief Plaintiff seeks. (D.E. 27). Plaintiff has filed a response in opposition, claiming that he is suing all Defendants in their official and individual capacities. (D.E. 30). For the reasons stated herein, it is respectfully recommended that the Court **GRANT** Movants' motion to dismiss and dismiss Plaintiff's claims against Movants with prejudice. Plaintiff's remaining claims for a declaratory judgment and prospective injunctive relief are properly retained against TDCJ-CID Director William Stephens.

## I. JURISDICTION

The Court has federal question jurisdiction. 28 U.S.C. § 1331.

## II. PROCEDURAL HISTORY

Plaintiff is an inmate in the TDCJ-CID, and is currently incarcerated at the McConnell Unit in Beeville, Texas. He filed this civil rights action on July 12, 2013 alleging that the TDCJ's grooming policy requiring all inmates to be clean-shaven violates his statutory rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-2(a). (D.E. 1). For relief, Plaintiff seeks a declaration that the TDCJ's grooming policy violates RLUIPA, and he seeks to enjoin prison officials from enforcing the grooming policy, thus allowing him to grow and wear, at a minimum, a quarter-inch beard. (D.E. pp. 4, 7). He named as defendants: (1) Rick Thaler, the former Director of the TDCJ-CID, who has since been replaced by William Stephens; (2) Eileen Kennedy, the former Region IV Director, who has since been replaced by Joe Grimes; and three McConnell unit wardens, (3) Gary Currie, (4) Matt Barber, and Carol Monroe. (D.E. 1, p. 3).

On July 29, 2013, Plaintiff filed his first amended complaint seeking a preliminary injunction to wear a beard while his case was litigated. (D.E. 7).

On September 3, 2013, a *Spears*[1] hearing was conducted. Plaintiff testified that he has practiced the Muslim faith for approximately two years, and he is identified on his TDCJ travel card as a Muslim. Plaintiff pointed out that another McConnell Unit

---

[1] *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985); *see also Eason v. Holt,* 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

Muslim, Willie Garner, had prevailed on his RLUIPA claim and was now allowed to wear a quarter-inch beard. Plaintiff argued that, pursuant to the *Garner* decision,[2] he too should be allowed to grow and maintain at least a quarter-inch beard.

Following the *Spears* hearing, on September 25, 2013, the Court entered a show cause order directed to the Office of the Texas Attorney General (AG) directing it to coordinate with the appropriate TDCJ officials and show cause why prison officials were continuing to enforce the TDCJ's no-beard grooming policy in light of the *Garner* decision and why Plaintiff should not be granted the injunctive relief requested. (D.E. 10).

On November 5, 2013, Defendants filed a response to the Show Cause Order. (D.E. 14). Defendants argued that, prior to *Garner,* the Fifth Circuit had twice held that the TDCJ's no-beard policy did not violate RLUIPA because it was the least restrictive means of furthering the government's legitimate and compelling interests in security and costs. *See DeMoss v. Crain,* 636 F.3d 145, 153-55 (5th Cir. 2011) (per curiam); *Gooden v. Crain,* 353 Fed. Appx. 885, 887-90 (5th Cir. 2009) (per curiam). Believing the issue to be resolved, at the *Garner* trial, the AG did not present sufficient evidence to carry its burden of proof, while Offender Garner offered expert testimony that the TDCJ grooming policy was ***not*** the least restrictive means of maintaining security and costs such that the

---

[2] By Opinion dated April 2, 2013, the Fifth Circuit concluded that the TDCJ's grooming policy prohibiting Muslim prisoners from wearing a quarter-inch beard violates RLUIPA. *See Garner v. Gutierrez*, 713 F.3d 237, 247 (5th Cir. 2013). On January 5, 2011, the *Garner* case was tried to the bench before Judge Hudspeth. (*See* Case No. 2:06-cv-218, D.E. 153, Memorandum Opinion and Order). Upon the evidence presented, the trial court rejected the TDCJ's argument that allowing inmates to wear beards poses a greater safety risk than clean-shaven inmates, and it also rejected the TDCJ's claim that there would be a substantial economic cost if Muslim inmates were permitted to wear a quarter-inch beard. (*Id.*, D.E. 153, Memorandum Opinion and Order at 6-7).

policy violated RLUIPA, and the Fifth Circuit affirmed *Garner* on appeal. *Garner,* 713 F.3d at 247.

Following the *Garner* decision, the TDCJ obtained expert testimony on the security and cost issues that it then offered in a July 2014 trial, *Ali v. Stephens,* Civil Action No. 9:09-CV-052, in the United States District Court for the Eastern District of Texas, Lufkin Division. Despite this new evidence, on September 26, 2014, the Lufkin district court issued its Findings of Fact and Conclusions of Law and found as in *Garner*, that the TDCJ's grooming policy violated RLUIPA. (*See Ali v. Stephens,* Civil Action No. 9:09-CV-052, D.E. 345). *Ali* is on appeal, and the AG represented that it will accept as final the decision of the Fifth Circuit.[3]

On July 2, 2014, Movants filed their motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (D.E. 27).

Following an extension of time (D.E. 29), on August 20, 2014, Plaintiff filed his response to the motion to dismiss. (D.E. 30). Plaintiff claims that he is suing all Defendants in both their individual and official capacities. (D.E. 30, p. 2).

On August 27, 2014, Movants filed their reply to Plaintiff's response. (D.E. 32).

### III. MOTION TO DISMISS

In his original complaint, Plaintiff alleged that he was seeking a declaratory judgment that the TDCJ no-beard policy is in violation of RLUIPA and therefore unenforceable, and that all Defendants be restrained from enforcing the policy. (D.E. 1,

---

[3] On October 7, 2014, the United States Supreme Court heard oral argument on a Muslim prisoner's challenge to an Arkansas prison policy that prohibits him from growing a beard in accordance with his religious beliefs. *See Holt v. Hobbs*, 509 F. App'x 561 (8th Cir. 2013) *cert. granted*, 134 S. Ct. 1490 (2014) *cert. limited*, 134 S. Ct. 1512 (2014).

pp. 4, 7). He did not raise First Amendment claims nor allege that he was seeking monetary damages against Defendants. In his first amended complaint (D.E. 7), Plaintiff included a request for a preliminary injunction, and in his second amended complaint (D.E. 20), Plaintiff dismissed his request for a fist-length beard. It is not until his response to the Movant's motion to dismiss that he claims he is attempting to sue all Defendants in their individual capacities for damages as well as their official capacities for damages. (*See* D.E. 30, p. 2).

Under Rule 12(b)(1), a case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998). Courts may dismiss for lack of subject matter jurisdiction based on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint, supplemented by undisputed facts, plus the court's resolution of disputed facts. *Clark v. Tarrant County,* 798 F.2d 736, 741 (5th Cir. 1986). When subject matter jurisdiction is challenged, the plaintiff has the burden of demonstrating that subject matter jurisdiction exists. *Huff v. Neal,* 555 Fed. Appx. 289, 296 (5th Cir. Jan. 27, 2014), citing *Paterson v. Weinberger,* 644 F.2d 521, 523 (5th Cir. 1981).

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint for failure to state a claim upon which relief may be granted; however, the district court must construe the complaint in a light most favorable to the plaintiff, and the allegations contained therein must be taken as true. *Erickson v. Pardus,* 551 U.S. 89, 93-94 (2007). To survive a motion to dismiss, a complaint must contain

sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In the context of a defendant's motion to dismiss, the district court's review is limited to the allegations in the complaint and to those documents attached to a defendant's motion to dismiss to the extent that those documents are referred to in the complaint and are central to the claims. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

### A. *Individual capacity claims under RLUIPA*

To the extent Plaintiff is attempting to sue Movants in their individual capacities under RLUIPA, those claims are barred. *See Sossoman v. Lone Star State of Texas,* 560 F.3d 316 (5th Cir. 2009). Indeed, in *Sossoman,* the Fifth Circuit expressly held that even though RLUIPA "unambiguously creates a private right of action for injunctive and declaratory relief," it found no statutory authority for individual capacity actions in the statute. *Id.* at 329. Because no private right of action exists against Defendants in their individual capacities, an analysis under qualified immunity or the Prison Litigation Reform Act (PLRA) regarding lack of physical injury is not necessary.[4] *Id.* Thus, to the extent Plaintiff is suing the Movants in their individual capacities under RLUIPA, there is no statutory basis for such claims, and it is respectfully recommended that those claims be dismissed with prejudice pursuant to Rules 12(b)(1) and 12(b)(6), Fed. R. Civ. P.

---

[4] Under the PLRA, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury…". 42 U.S.C. § 1997e(e). However, because there is no private right of action for damages against individual defendants under RLUIPA, the Court need not address the nature of potential damage claims.

### B. *Eleventh Amendment*

The *Sossamon* Court assumed *arguendo,* that RLUIPA permitted an official capacity claim for damages. *Id.* at 330. However, whether or not RLUIPA even creates such a cause of action is not at issue because claims for damages against individuals in their official capacities are barred by Texas' sovereign immunity. *Id.*

The State of Texas has sovereign immunity and, under the Eleventh Amendment, suits in federal court by citizens of a state against a state or a state agency or department are prohibited. *See College Sav. Bank v. Florida. Prepaid Postsecondary Educ. Expense Bd.,* 527 U.S. 666, 669-70 (1999); *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 98-100 (1982). States and their agencies may be sued only when there is unequivocally expressed consent, or where Congress has validly abrogated the state's sovereign immunity by unequivocal expression of intent. *Pennhurst,* 465 U.S. at 99-100. *See also Edelman v. Jordan,* 415 U.S. 651, 673 (1974); *Quern v. Jordan*, 440 U.S. 332, 342 (1979). The Eleventh Amendment jurisdictional bar applies regardless of the nature of the relief sought. *Pennhurst,* 465 U.S. at 100-01.

Texas has not consented to suit against itself or its agencies in federal court, nor has Congress abrogated Texas' sovereign immunity in regards to Plaintiff's § 1983 claims raised herein. *See Sossamon v. Texas,* 131 S. Ct. 1651, 1657-58 (2011). On the face of Plaintiff's original and amended complaints, it is readily apparent that Plaintiff's claims against the Movants in their official capacities for monetary damages are wholly barred by the Eleventh Amendment. Thus, to the extent Plaintiff is suing the Movants in

their official capacities for money damages, those claims are barred by the Eleventh Amendment and it is respectfully recommended that those claims be dismissed with prejudice as barred.

### C. *Movants cannot provide injunctive relief*

Plaintiff has sued all Defendants in their official capacities for declaratory and injunctive relief, specifically, to have the TDCJ grooming policy declared in violation of RLUIPA, and as such, unenforceable, and enjoining Defendants and their agents and employees from enforcing the no-beard policy. Movants argue that even if Plaintiff were to receive a favorable decision on his RLUIPA claim, the Movants, sued in their official capacities for prospective injunctive relief, do not have the authority to initiate or change any TDCJ policy or to prevent the enforcement of a policy. For example, Defendant Joe Grimes testifies:

> As Region IV Director, I do not ratify agency policies, procedures, or rules. I do not have the authority to initiate or change any policy, procedure, or rule of the agency, particularly the Agency's grooming policy for offenders.

(D.E. 27-1, p. 2, Affidavit of Joe Grimes at ¶ 2).

Movant Warden Gary Currie testifies:

> As Senior Warden at the McConnell Unit, I do not ratify agency policies, procedures, or rules. I do not have the authority to initiate or change any policy, procedure, or rule of the agency, particularly the Agency's grooming policy for offenders.

(D.E. 27-3, p. 2, Affidavit of Warden Currie at ¶ 2).

Movant Matt Barber states:

> As [the] Briscoe Unit Warden. I do not I do not ratify agency policies, procedures, or rules. I do not have the authority to initiate or change any policy, procedure, or rule of the agency, particularly the Agency's grooming policy for offenders.

(D.E. 27-4, p. 2, Affidavit of Warden Matt Barber at ¶ 2).

Finally, Warden Carol Monroe testifies that he has been employed by the TDCJ since 1994, and effective May 1, 2014, he became the TDCJ Deputy Director of Administrative Review and Risk Management. (D.E. 27-2, p. 2, Monroe Aff't at ¶ 1). As Deputy Director of Administrative Review and Risk Management, Movant Monroe is no longer involved with the day-to-day operations of the McConnell Unit where he was formally assigned. (D.E. 27-2, p. 2). Warden Monroe does not ratify agency policies, procedures, or rules, nor does he have the authority to initiate or change any policy, procedure, or rule of the agency, particularly the Agency's grooming policy for offenders. (D.E. 27-2, p. 2).

Plaintiff argues that Movants continued to enforce the grooming policy after the *Garner* decision. However, what Movants did in the past has no bearing on what prospective injunctive relief they can authorize. If Plaintiff prevails on his RLUIPA claim which, in light of the *Garner* and *Ali* decisions appears likely, the remaining Defendant, William Stephens, is the appropriate party defendant to grant Plaintiff the declaratory and injunctive relief he seeks. Movants testify that they cannot provide the relief sought, and Plaintiff has failed to rebut this position with law or fact. Movants are not necessary parties. Thus, it is respectfully recommended that the Court grant Movants' motion to dismiss Plaintiff's claims against them for prospective injunctive

relief pursuant to Rule 12(b)(6), Fed. R. Civ. P, because Movants cannot provide Plaintiff with the relief he seeks, even if successful.

## IV. RECOMMENDATION

For the reasons stated herein, it is respectfully recommended that the Court grant in its entirety Movants' motion to dismiss (D.E. 27) and dismiss with prejudice Plaintiff's claims against Director Joe Grimes, Warden Gary Currie, Warden Matt Barber and Deputy Director Carol Monroe. Plaintiff's remaining claims for a declaratory judgment and prospective injunctive relief are properly retained against TDCJ-CID Director William Stephens.

Respectfully submitted this 28th day of October, 2014.

_____
Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).