UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| BRAD BROUSSARD, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:13-CV-211 |
| § | |
| WILLIAM STEPHENS, *et al*, § | |
| § | |
| Defendants. § | |

### OPINION AND ORDER DENYING CONSTRUED REQUEST FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

This lawsuit was brought by a Muslim inmate at the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), alleging that TDCJ-CID's policy requiring all inmates to be clean shaven violated his rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc1(a) (D.E. 1). Following the decision of the United States Supreme Court in *Holt v. Hobbs*, 135 S. Ct. 853 (2015), this case was stayed to allow TDCJ-CID Director William Stephens time to amend TDCJ policies to allow a religious exception to the grooming regulation (D.E. 38). The stay was conditioned on Defendant Stephens' agreement to allow Muslim inmates to grow a beard of up to one-half inch in length (*Id.*). A report by Defendant Stephens is due September 1, 2015 (*Id.*).

Plaintiff has filed a pleading titled "Motion Requesting Federal Intervention on Discriminatory Practices by Texas Department of Criminal Justice" (D.E. 39). The Court has reviewed Plaintiff's motion as well as the responses and replies (D.E. 39, 42, 43, 44, 45). Because Plaintiff is requesting that this Court order Defendant Stephens to change

his interim policy and allow Plaintiff to trim his beard, sideburns, and neck hair, the motion will be construed as a request for a temporary restraining order and preliminary injunction.

### Standard

In order to obtain a preliminary injunction under Fed. R. Civ. P. 65(a), the applicant must demonstrate: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) the injunction will not disserve the public interest.  *Texans for Free Enter. v. Texas Ethics Comm'n*, 732 F.3d 535, 536-37 (5th Cir. 2013).  Injunctive relief is an extraordinary remedy which requires the applicant to unequivocally show the need for its issuance.  *Sepulvado v. Jindal,* 729 F.3d 413, 417 (5th Cir. 2013) (internal citations and quotations omitted), *cert. denied,* 134 S. Ct. 1789 (2014).  Plaintiff must carry the burden as to all four elements before a preliminary injunction may be considered.  *Voting for Am., Inc. v. Steen*, 732 F.3d 382, 386 (5th Cir. 2013) (internal quotations and citations omitted).

### Discussion

As to the first factor, the court will assume, without deciding, that Plaintiff can demonstrate a likelihood that he will prevail on his RLUIPA claims; however, he cannot carry his burden as to any of the remaining three factors.

As to the second factor, Plaintiff has not alleged any irreparable harm for which there is no remedy at law.  *Deerfield Med. Ctr. v. City of Deerfield Beach*, 661 F.2d 328,

338 (5th Cir. 1981). Plaintiff claims he is being "<u>forbidden</u> to shave unruly/irritating throat hairs, as well as trimming sideburn hairs off the ears, and trimming moustache hair to the [upper] edge of the top lip – in order to maintain a presentable well groomed appearance of Plaintiff's one-half inch beard" (D.E. 39 at 2). Plaintiff cited neither facts nor any legal authority that supports his personal opinion that Director Stephens is engaging in discrimination or that he has a right, under RLUIPA or the United States Constitution, to trim his beard. Moreover, Director Stephens presented evidence that allowing a prisoner to trim his beard can significantly change his appearance, resulting in an increase in costs to frequently update identification cards, as well as an increased security and escape risk (D.E. 42-4).

On the third and fourth factors, Plaintiff has failed to show that his interest in a trimmed beard outweighs the interest of the prison in reducing costs while at the same time maintaining safety and security. It would be cost prohibitive and not serve the public's interest for the Court to micro-manage the shaving preferences of individual Muslim inmates. *See Kahey v. Jones*, 836 F.2d 948, 951 (5th Cir. 1988) (federal courts defer to prison administrators concerning day-to-day operations in absence of a constitutional violation).[1]

---

[1] If Plaintiff is experiencing pain or ingrown or infected hair follicles, this is a medical, not a religious issue. Plaintiff should seek medical care, and if the issue is not addressed by medical personnel, he may exhaust his administrative remedies and file suit seeking injunctive relief for a deliberate indifference to his serious medical needs.

Plaintiff has not carried his burden. Accordingly, Plaintiff's construed motion for a temporary restraining order and preliminary injunction (D.E. 39) is **DENIED**.

ORDERED this 23rd day of June, 2015.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE