UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BRAD BROUSSARD, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-211 |
| | § | |
| LORI DAVIS, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND RECOMMENDATION
ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This is a civil rights cause of action brought by a Texas inmate appearing *pro se*. Pending is the Defendant's motion for summary judgment (D.E. 83) in which Defendant asserts, among other things, that Plaintiff's case should be dismissed because Plaintiff failed to exhaust his administrative remedies before filing suit as required by 42 U.S.C. § 1997e(a). For the reasons set forth below, the undersigned recommends Defendant's motion for summary judgment be **GRANTED** for failure to exhaust administrative remedies[1] and Plaintiff's action be **DISMISSED without prejudice**. Dismissal without prejudice would allow Plaintiff to pursue his claims after properly exhausting administrative remedies by filing a new cause of action.

---

[1] The undersigned does not address Defendant's remaining grounds for relief because granting Defendant's motion for summary judgment on Plaintiff's failure to exhaust disposes of the entire action. Should Plaintiff file a new cause of action, the claims and defenses will be addressed accordingly.

I.      **STATEMENT OF THE CASE.**

On July 12, 2013, Plaintiff, a Sunni Muslim, filed a civil rights action pursuant to the Religious Land Use and Institutionalized Persons Act (RLUIPA) against the Director of the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID), challenging the TDCJ grooming policy requiring that all inmates be clean shaven.[2] (D.E.1).  Through his lawsuit, Plaintiff sought permission to grow and maintain a quarter-inch beard.

On January 20, 2015, the Supreme Court decided *Holt v. Hobbs,* 135 S. Ct. 853 (2015).  The *Holt* Court held that the grooming policy of the Arkansas prison system violated RLUIPA to the extent it prevented a Muslim inmate from growing a half-inch beard in accordance with his religious beliefs.  *Id.* at 859.  The Arkansas policy at issue -- like TDCJ's policy at the time Plaintiff filed suit --  banned inmates from growing beards, with the sole exception that inmates with dermatological needs could grow facial hair no longer than a quarter inch.  *Id.* at 860.

In response to the *Holt* decision, the TDCJ moved to stay this case while it developed a new grooming policy.  (D.E. 35, 37).  On February 24, 2015, the Court granted in part a preliminary injunction that allowed Plaintiff to wear a half-inch beard and stayed the case while the TDCJ developed a new religious exemption to the mandatory clean-shaven policy.  (D.E. 38).

---

[2] The former director, William Stephens, has since been replaced by Lorie Davis, and she has been substituted as the proper party defendant.

Under its new policy, inmates "with religious belief who want to grow a beard" are permitted, subject to TDCJ's approval to have a beard that is no longer than "one-half (1/2) inch in length." (D.E. 83-2, pp. 15-16).[3] However, they are required to shave and take a clean-shaven photograph once a year during their birthday month for identification purposes. (D.E. 83-2, pp. 15). The remaining prison population must take such identification photographs every three years.

## II.   PLAINTIFF'S AMENDED COMPLAINT.

On February 18, 2016, Plaintiff filed his amended complaint. (D.E. 62). Plaintiff is no longer concerned with the length of his beard; however, he objects to the grooming policy on the grounds that he must shave once a year for a photograph while the rest of the prison population need only take a photograph every three years. (D.E. 62, p. 1). On November 25, 2015, Plaintiff filed a Step 1 grievance, Grievance No. 2016049666, raising this issue challenging the new grooming policy and claiming that TDCJ's requirement that he be clean-shaven for a photograph once a year violated his equal protection rights as well as his rights under RLUIPA. (D.E. 62, pp. 4-5). Plaintiff's Step 1 grievance was denied, as was his Step 2 appeal. (D.E. 63, pp. 2-3).

## III.   DEFENDANT'S SUMMARY JUDGMENT MOTION.

TDCJ Executive Director Lorie Davis moves for summary judgment to dismiss Plaintiff's new claims for failure to exhaust his administrative remedies. Although the

---

[3] The TDCJ's current grooming policy is contained in its Offender Orientation Handbook ("Handbook"), which is available online. *See* Tex. Dep't of Criminal Justice, Offender Orientation Handbook (Sept. 2015), available at http://www.tdcj.state.tx.us/documents/Offender_Orientation_Handbook_English.pdf. The Fifth Circuit has previously taken judicial notice of the online version of the Handbook. *See, e.g., Ali v. Stephens,* 822 F.3d 776, 782 n.5 (2016); *Cantwell v. Sterling*, 788 F.3d 507, 509(5th Cir. 2015).

uncontested summary judgment evidence establishes that Plaintiff exhausted his claims, he did so *after* filing his original complaint. Plaintiff's original complaint was filed on July 12, 2013. (D.E. 1). Plaintiff exhausted his claims challenging the new grooming policy over two years after suit was filed, in November 2015 through January 2016. (*See* D.E. 62, pp. 2-5).

IV.     **SUMMARY JUDGMENT STANDARD.**

Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must examine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52. In making this determination, the Court must consider the record as a whole by reviewing all pleadings, depositions, affidavits and admissions on file, and drawing all justifiable inferences in favor of the party opposing the motion. *Caboni v. Gen. Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002). The Court may not weigh the evidence, or evaluate the credibility of witnesses. *Id.* Furthermore, "affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e); *see also Cormier v. Pennzoil Exploration & Prod. Co.*, 969 F.2d 1559, 1561 (5th Cir. 1992) (per curiam) (refusing to consider affidavits that relied on hearsay statements); *Martin v. John W. Stone Oil Distrib., Inc.*,

819 F.2d 547, 549 (5th Cir. 1987) (per curiam) (stating that courts cannot consider hearsay evidence in affidavits and depositions).  Unauthenticated and unverified documents do not constitute proper summary judgment evidence.  *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (per curiam).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the moving party demonstrates an absence of evidence supporting the nonmoving party's case, then the burden shifts to the nonmoving party to come forward with specific facts showing that a genuine issue for trial does exist.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  To sustain this burden, the nonmoving party cannot rest on the mere allegations of the pleadings.  Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 248.  "After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted."  *Caboni*, 278 F.3d at 451.  "If reasonable minds could differ as to the import of the evidence ... a verdict should not be directed."  *Anderson*, 477 U.S. at 250-51.

The evidence must be evaluated under the summary judgment standard to determine whether the moving party has shown the absence of a genuine issue of material fact.  "[T]he substantive law will identify which facts are material.  Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  *Id.* at 248.

## V.    DISCUSSION.

The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, provides, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies are exhausted."   Exhaustion is mandatory, "irrespective of the forms of relief sought and offered through the administrative avenues." *Booth v. Churner,* 532 U.S. 731, 739, 740-41 n.6 (2001).

Plaintiff's lawsuit was filed on July 12, 2013.  (*See* D.E. 1).  Plaintiff did not file a grievance complaining about the TDCJ's annual shave and photograph requirement prior to filing suit.  (*See* D.E. 83-1, pp. 3-70, copies of grievances Plaintiff filed between October 28, 2011 through October 14, 2013).  The challenged requirement was not promulgated by the TDCJ until August 2015, ostensibly in response to the *Holt* opinion, and as such, the contested policy was not yet in existence for purposes of Plaintiff's objection thereto.

Procedurally, on November 18, 2015, the District Court dismissed this case and granted Plaintiff leave to exhaust his administrative remedies as to his objection regarding having to be clean-shaven for photo identification every year and to file an amended complaint.  (D.E. 56).  Additionally, the undersigned subsequently granted Plaintiff's motion for leave to amend over Defendant's failure to exhaust objection.  (D.E. 66).  However, upon further consideration of the arguments and authorities cited by Defendant, the undersigned now recommends a better approach is to dismiss Plaintiff's action without prejudice and to allow him to raise the present claim in a new action.

The problem presented with Plaintiff proceeding on the amended complaint, even with the Court's permission, is that Plaintiff could not and did not exhaust his administrative remedies **prior** to filing suit. In *Gonzalez v. Seal,* 702 F.3d 785, 788 (5th Cir. 2012), the Fifth Circuit held unequivocally: *After Woodford* and *Jones,* there can be doubt that pre-filing exhaustion of [the] prison grievance process is mandatory," and further, that the "district courts have no discretion to waive the PLRA's pre-filing exhaustion requirement." 702 F.3d at 788. Explaining further, the Fifth Circuit stated:

> District courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint. It is irrelevant whether exhaustion is achieved during the federal proceeding. Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted.

*Id.*

Before filing this suit, Plaintiff was required to have exhausted his administrative remedies to completion. Plaintiff could not exhaust his claim challenging the new identification policy, effective August 2015, prior to filing his lawsuit on July 12, 2013. The only way for Plaintiff to satisfy exhaustion of the identification policy is to file a Step 1 and Step 2 grievance, as he successfully did in November 15 through January 2016. (D.E. 63, pp. 2-5). Now however, he must file the lawsuit as a new complaint, not an amended complaint. If the Court agrees with this recommendation and should Plaintiff desire to pursue his claim challenging the photo identification requirement, he should be instructed to file an original complaint within **THIRTY DAYS** of the Order Granting Defendant's motion for Summary Judgment.

Further, whether Plaintiff pursues his claim in a separate action or if the District Judge allows this action to proceed, Plaintiff is cautioned to carefully read *Ali v. Stephens,* 822 F.3d 776 (2016) which effectively approves fist-length beards for TDCJ inmates in the context of maintaining two photo identifications, with a new picture taken yearly, and that *Ali* relies heavily on *Holt*. Plaintiff must be prepared to explain how the *Ali* decision does not dispose of the instant claim.

## VI. RECOMMENDATION.

For the reasons stated herein, it is respectfully recommended that Defendant's motion for summary judgment (D.E. 83) be granted in part, and that Plaintiff's claims challenging the TDCJ's August 2015 identification policy as it relates to Muslim inmates wearing beards and maintaining two photos for identification, with a new photo taken annually, be **DISMISSED without prejudice** for failure to exhaust administrative remedies. It is further recommended that Plaintiff be instructed he may file an original complaint **within thirty day**s of the dismissal of this case.

Respectfully submitted this 24th day of October, 2016.

                                                                                 _____
                                                                                 Jason B. Libby
                                                                                 United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).